IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN FRANKEL,<br><br>   *Plaintiff,*<br><br> v.<br><br>MARIA H. GUZMAN, *et al.*,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 20-5208 |

### MEMORANDUM

Plaintiff Martin Frankel filed a Motion to Proceed *In Forma Pauperis* (ECF No. 1) along with an Emergency Motion for a Preliminary Injunction and Temporary Restraining Order. (ECF No. 2.) In his Emergency Motion, Frankel asks the Court to reinstate a state-court continuance delaying eviction proceedings against him until January 7, 2021. (Emergency Mot. at 95–96, ECF No. 2.) Alternatively, he asks the Court to enjoin a hearing in state court before a Magisterial District Judge, which is scheduled for October 22, 2020, because he fears that as a result of the hearing he will ultimately be evicted from his home. (*Id.* at 10, 96) (requesting "a preliminary injunction and temporary restraining order, enjoining the defendants from commencing and prosecuting the eviction proceeding against [him]"); *see also* (Rescheduling Notice, ECF No. 2-8).[1] The Court grants the Motion to Proceed *In Forma Pauperis* and denies the Emergency Motion for a Preliminary Injunction and Temporary Restraining Order.

---

[1] Frankel did not file a complaint with his Emergency Motion. *See* Fed. R. Civ. P. 3. However, a review of the Emergency Motion suggests that he intends to raise claims against Maria H. Guzman, his landlord, and the Magisterial District Court under 42 U.S.C. § 1983 for allegedly violating his due process rights and the Supremacy Clause. (Emergency Mot. at 21–22, ECF No. 2.) He may also intend to assert claims under the Americans with Disabilities Act and the Fair Housing Act. *See* (*id.*).

1

I

Frankel's primary argument in support of his request for a temporary restraining order or preliminary injunction is that his anticipated eviction is unconstitutional under the Supremacy Clause of the United States Constitution because the Centers for Disease Control and Prevention ("CDC") issued an Order temporarily halting evictions for non-payment of rent from September 4, 2020 through December 31, 2020 due to COVID-19.  *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020).  He also appears to allege that the upcoming hearing, and his potential impending eviction, will violate his due process rights.  Frankel is sixty-five years old and has a compromised immune system, so he fears that his eviction will expose him to COVID-19 and result in his death.

Frankel alleges that on September 1, 2020, Guzman filed an eviction action against him in Magisterial District Court.  (*Id.* at 13.)  On September 4, 2020, the CDC issued its Order precluding certain evictions through December 31, 2020.  Nevertheless, Guzman continued to prosecute the eviction action against Frankel.  (Emergency Mot. at 13, ECF No. 2.)  The Magisterial District Judge held a hearing on September 24, 2020, and, according to Frankel, stayed the proceeding until January 7, 2021 expressly because of the CDC's Order.  (*Id.* at 16.)

Thereafter, Guzman filed an amended complaint seeking to "renew" the eviction proceeding on the basis that Frankel's lease expired on September 30, 2020.  (*Id.* at 17.)  Frankel alleges that Guzman chose not to renew his lease due to his failure to pay rent.  (*Id.*)  Accordingly, the Magisterial District Judge scheduled a hearing on October 22,

2020. (*Id.* at 18.) The public docket reflects that Frankel is represented by counsel in the eviction proceeding. *See* Montgomery County Magisterial District Court Docket Sheet, *Guzman v. Frankel*, MJ-38104-LT-0000019-2020 (filed Sept. 2, 2020).

Frankel alleges that, at the hearing, he "will suffer an Order for eviction, in violation of the Americans with Disabilities Act (ADA); the Emergency Order of the United States Centers for Disease Control, which prohibits the eviction of the tenant plaintiff; the Fourteenth Amendment to the Constitution of the United States; and the Supremacy Clause of the Constitution of the United States." (Emergency Mot. at 21, ECF No. 2.) He requests two forms of relief. First, he asks the Court to "issue an Order reinstating the original decree of the Magisterial District Court, staying the state eviction proceeding until January 7, 2021." (*Id.* at 95.) Second, he asks the Court to issue a temporary restraining order enjoining any Pennsylvania state court "from conducting any eviction proceeding against [him] until the United States District Court has finished its adjudication of this matter." (*Id.* at 96.) The Anti-Injunction Act bars both requests.

II

The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions,'" which are to be construed narrowly. *Id.* (quoting *Atl. Coast Line*

*R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Frankel argues that the second exception—when an injunction would be necessary to aid in the federal court's jurisdiction—applies here. (Emergency Mot. at 26–27, 44, ECF No. 2.) He contends that, unless the Court enjoins the upcoming state court hearing, it will be precluded from exercising jurisdiction under the *Rooker-Feldman* doctrine. (*Id.* at 27, 36–37.)

"Courts have held that this second exception is applicable when a plaintiff cannot present his or her federal claims in the state court eviction proceeding." *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 318 (E.D.N.Y. 2012). Frankel does not establish a plausible basis for the Court to conclude that he will not have a chance to raise his arguments regarding the CDC Order in state court or that the CDC Order bars the eviction proceeding. *See* HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf ("The Order is not intended to terminate or suspend the operations of any state or local court. Nor is it intended to prevent landlords from starting eviction proceedings, provided that the actual eviction of a covered person for non-payment of rent does NOT take place during the period of the Order.").

Moreover, several district courts in this Circuit have held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-cv-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing *Coppedge v. Conway*, No. 14-cv-1477, 2015 WL 168839, at *1–2 (D. Del. Jan. 12, 2015) (Anti-Injunction Act prohibited federal

court from enjoining sheriff's sale ordered by state court)); *see also Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-cv-5055, 2014 WL 7051787, at *3 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *E. Liggon-Redding v. Generations*, No. 14-cv-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under the Anti–Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions"); *Mason v. Bank of Am., N.A.*, No. 13-cv-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 19, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act.")).  The Court denies Frankel's Emergency Motion because the Anti-Injunction Act bars the relief sought and the exceptions to the Act do not apply.

    An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*  
GERALD J. PAPPERT, J.